**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY WAYNE WILLIAMS,       Plaintiff,       v.<br>J. SHODY; et al.,       Defendants. | No. C 09-101 SI (pr)<br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Gregory Wayne Williams, an inmate currently housed at the Correctional Training Facility in Soledad, filed a <u>pro se</u> civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.   his motion for appointment of counsel also is before the court for consideration.

## BACKGROUND

Williams complains of inadequate medical care by prison medical staff. He alleges that in early August 2007, he requested to be seen by a doctor for chest pain and a persistent cough. He states that, on September 28, 2007, an ultrasound test was performed on him and the results showed that he had a leak in his right artery. He alleges that he has been prescribed blood pressure checks, different medications, an albuterol inhaler and a flovent inhaler. He further alleges that his chest pains and cough are worsening. He believes the medications provided to him are inadequate.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The response to a prisoner's medical needs is subject to scrutiny under the Eighth Amendment's proscription against cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993). To establish a claim for an Eighth Amendment violation, a prisoner claiming that prison officials failed to attend to medical needs must show (1) a serious medical need and (2) deliberate indifference to that need by prison officials. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992). Neither negligence nor gross negligence is actionable under § 1983 in the prison context. See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner).

The complaint does not state a § 1983 claim against any defendant. Assuming that a leaking artery is a serious medical need, the complaint does not allege that anyone has acted with deliberate indifference to it. Williams alleges that he feels worse and does not think that the medications provided to him are working adequately, but those facts are not enough to show or even suggest deliberate indifference to his medical needs. He does not allege what any defendant has failed to do, and does not allege that anyone told him he needs a specific different treatment than that provided. Leave to amend will be granted so that Williams may attempt to

allege facts showing that defendants have acted with deliberate indifference to his serous medical needs. In his amended complaint, he should identify each involved defendant by name and link each to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Williams has moved for the appointment of counsel to represent him in this action. A district court has discretion under 28 U.S.C. § 1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factor is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Having considered both of these factors, the court concludes that exceptional circumstances requiring the appointment of counsel are not evident in this case. The motion for appointment of counsel is DENIED.

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **July 24, 2009**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

Plaintiff's motion for appointment of counsel is DENIED. (Docket # 3.)

IT IS SO ORDERED.

Dated: June 11, 2009

_____
SUSAN ILLSTON
United States District Judge