UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY WAYNE WILLIAMS, | No. C 09-101 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| J. SHODY; et al., | |
| Defendants. | |

Gregory Wayne Williams, an inmate at the Correctional Training Facility in Soledad, filed a pro se civil rights action under 42 U.S.C. § 1983. The court reviewed his complaint and dismissed it with leave to amend. His amended complaint is now before the court for review under 28 U.S.C. § 1915A.

In this action, Williams complains of inadequate medical care by prison medical staff. He alleges that in early August 2007, he requested to be seen by a doctor for chest pain and a persistent cough. He states that, on September 28, 2007, an ultrasound test was performed on him and the results showed that he had a leak in his right artery. He alleges that he has been prescribed blood pressure checks, different medications, an albuterol inhaler and a flovent inhaler. He further alleges that his chest pains and cough are worsening. He believes the medications provided to him are inadequate.

In the order of dismissal with leave to amend, the court explained that a §1983 claim for deliberate indifference to medical needs had two elements: an objectively serious medical need and deliberate indifference thereto by defendants. The court explained that, assuming that the leaking artery was a serious medical need, the complaint had not alleged the necessary deliberate indifference to it. The court granted leave to amend so that Williams could attempt to allege

facts showing that defendants had acted with deliberate indifference to his serous medical needs.

Williams' amended complaint did not cure the deficiency identified in the order of dismissal with leave to amend. Specifically, he did not allege that any defendant acted with deliberate indifference to his leaking artery. He attached some medical and prison records to his amended complaint as "proof" that Dr. "Lee was very negligible." Amended Complaint, p. 4. The records attached to the amended complaint show that his condition has been cared for, rather than met with deliberate indifference. For example, the inmate appeal response was that he had received various medications, an ultrasound, lab work, frequent blood pressure checks, frequent blood sugar checks, and a cardiology referral. Amended Complaint. Exh. A. The inmate appeal response also noted that Williams had been resistant to education and doing his part, and needed to better comply with the medical staff's directions vis-a-vis monitoring his condition and taking the prescribed medications. Id.

The amended complaint fails to state a claim upon which relief may be granted for deliberate indifference to serious medical needs. There is no reason to allow further amendment because it would be futile: the court has already identified the specific shortcomings in the pleading and Williams was unable to cure them. Accordingly, this action is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. The clerk shall close the file.

IT IS SO ORDERED.

Dated: July 13, 2009

_____
SUSAN ILLSTON
United States District Judge

2